Upon review of the competent evidence of record with respect to the errors assigned, and the Full Commission finds good ground to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing and in a Pre-Trial Agreement as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. On 4 March 1997, an employment relationship existed between plaintiff and defendant-employer.
3. On 4 March 1997, defendant-employer was self-insured with Trigon Administrators as the third party administrator.
4. Plaintiffs average weekly wage on 4 March 1997 is to be determined by an Industrial Commission Form 22 Statement of Days Worked and Earnings of Injured Employee, admitted into evidence as Stipulated Exhibit #2.
5. Plaintiff received thirteen weeks of short-term disability benefits pursuant to an employer funded non-contributory disability policy in the gross amount of $100.00 per week, from 18 April 1997 through 17 July 1997, for a total of $1,300.00.
6. Plaintiff received unemployment benefits from 18 May 1997 through 9 November 1997 in the total amount of $6,897.00.
7. The medical records of Dr. Dustin Frazier are admitted into evidence as Stipulated Exhibit #3.
8. The medical records of Dr. David Abernathy are received into evidence as Stipulated Exhibit #4.
9. The issues to be determined are whether plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer; and if so, what, if any benefits is he entitled; what, if any, credits is defendant-employer entitled; and whether plaintiff refused suitable employment pursuant to G.S. 97-32.
 * * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. On 4 March 1997, plaintiff was a twenty-eight year old male employed by defendant as a fabric layer. Plaintiff began employment with defendant in 1989. Plaintiffs duties as a fabric layer included loading and unloading rolls of fabric, fabric inspection, and running the Gerber spreader.
2. The weight of the fabric rolls which plaintiff lifted ranged from a negligible amount to approximately fifty pounds. Plaintiff and a co-worker were required to lift these rolls over their heads.
3. Plaintiff contended that he injured his back on 4 March 1997 when he and a co-worker, Debby, were lifting a fabric roll over their heads.
4. Plaintiff did not report the alleged 4 March 1997 injury to his supervisors as required by company policy.
5. On 13 March 1997, plaintiff sought unauthorized treatment from Dustin C. Frazier, M.D. At that time, plaintiff complained of low back pain and neck pain. Plaintiff reported that his job required him to lift fifty-pound objects over his head, but he did not report a specific lifting injury. Dr. Frazier provided plaintiff with a work restriction note of no lifting greater than fifteen pounds and no repetitive lifting or bending for eight weeks. After plaintiff continued to complain of back pain, Dr. Frazier gave plaintiff permanent restrictions of no lifting greater then twenty pounds and no repetitive bending or lifting.
6. Plaintiff previously had complained of low back pain while lifting a roll of fabric in early December 1996. Plaintiff reported the December lifting incident to his supervisor, Frank Carlton. Plaintiff sought treatment from Dr. Frazier on 10 December 1996. Dr. Fraziers ultimate diagnosis was spondylolysis and he recommended that plaintiff reduce his activities for two to three weeks.
7. Plaintiff suffers from spondylolysis, which is a defect of one of the posterior processes of the lumbar vertebrae. Plaintiffs spondylolysis is located at the fifteenth vertebrae and likely existed at birth, although it was not symptomatic until his adult years.
8. On 11 December 1996, plaintiff was directed by defendant to seek treatment from David Lee Abernathy, M.D. Dr. Abernathy is a general physician who specializes in Industrial Medicine and primarily serves three large companies in the area, including defendant. Dr. Abernathy prescribed muscle relaxants and pain medicine and recommended light duty for plaintiff.
9. After December 1996, plaintiff worked light duty for a couple of weeks and then returned to full duty. Plaintiffs back pain had resolved prior to 4 March 1997.
10. Sometime between 1993 and early 1996, plaintiff had experienced back pain and sought treatment from a chiropractor, Dr. Timothy Fullam, and from an orthopedic surgeon, Dr. John DePerczel.
11. At the hearing before the deputy commissioner, plaintiff testified that he did not have any problems or symptoms in his back prior to 1996. However, on cross-examination, plaintiff remembered that he did seek treatment from a chiropractor in 1993, but could not remember the reason he sought treatment. Plaintiff then recalled that he was treated on one occasion for upper back problems. However, in January 1993, plaintiff told the plant nurse that he was being treated by a chiropractor for his lower back. Plaintiff did not identify his 1993 back problems in his response to defendants interrogatories, and he blamed this omission on his "nerves and further stated that he had just forgotten about the 1993 chiropractic treatment.
12. Plaintiff did not report a work-related injury when it allegedly occurred on 4 March 1997, and he did not describe a specific lifting injury to his treating physician, Dr. Frazier. Plaintiff was evasive about his prior back problems and, at the hearing before the deputy commissioner, he confused the facts of the December 1996 injury with the events that allegedly occurred on 4 March 1997. Although it is plausible for an injury to have occurred as plaintiff contends, plaintiffs claim is not accepted as credible.
13. Plaintiffs claim that he injured his back in a lifting incident on 4 March 1997 is not accepted as credible.
 * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff failed to prove that he sustained an injury by accident arising out of and in the course of his employment with defendant, or as a result of a specific traumatic incident of the work assigned on 4 March 1997. G.S. 97-2(6).
2. Accordingly, plaintiff is not entitled to benefits under the Act.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the award of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiffs claim for compensation under the Act is DENIED.
2. Each side shall pay its own costs.
 S/ ______________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ ____________________ DIANNE C. SELLERS COMMISSIONER